## No. 455

STATE ex v. BAKER, Dir. of Finance
In Mandamus.

Dock. March 23, 1925, 3. Abs. 198.

NOTE—Writ of mandamus allowed by Supreme Court April 17, 1925.

607. HIGHWAYS—Does filing of plans and specifications with county surveyor, who also holds office of resident engineer, comply with statute which requires filing with resident engineer?

679. GOVERNOR—Can executive order of over-ride discretion and power of Highway Director vested in him by reason of statute?

The S. Monroe & Sons Co. who are the plaintiffs herein, filed a petition stating that it had filed a bid of $142,143 on a letting to be had for doing of highway work in Scioto County. It was alleged that the Company's bid was found to be the lowest and there was awarded to it a contract for the work and in accordance with 228-2 GC a request was made of Wilbur E. Baker, Director of Finance for a certificate that sufficient funds were in the state treasury, unappropriated, to precedent obligation, for the payment of the shares of the cost of the proposed improvement to be borne by the state and the United States. It is further alleged that Baker refused to tender such certificate to the L. A. Boulay, Dir. of Highways and Public Works.

Baker in his answer averred that the Company did not file its plans and specification with the resident engineer at the time specified in the advertisements for bids; he als averred that the Governor issued his executive order directed to Boulay wherein it, was ordered that he reject all bids connected with the project in question, and the Governor also ordered him (Baker) not to issue his certificate as requested.

The Company contends that the duty of the Director of Highways is established by statute as are his powers and maintains that an executive order cannot override the discretion vested in said Director by statute. (1184 GC). It is submitted that demurrers to said defenses be sustained.

The Company further contends that the plans and specifications were not on file before the time specified in the advertisement; and that the filing thereof with the county surveyor was legal as the county surveyor and the resident engineer used one and the same office in conducting both offices.

It is the prayer of the company that a writ in mandamus issued therefore to compel Baker as Director of Finance to give to Boulay the requested certificate.

Attorneys—Joseph T. Micklethwait and Wm. J. Meyer, Portsmouth, for Company; C. C. Crabbe, H. H. Griswold and Carl Williams, Columbus, for Baker.